UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON VEGH,

                    Petitioner,

v.                                        Case No. 21-10686
                                          Honorable Shalina D. Kumar
                                          Mag. Judge Elizabeth A. Stafford
RANDEE REWERTS,

                    Respondent.

---

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS (ECF NO. 1), DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO APPEAL IN FORMA PAUPERIS**

---

## I.    Introduction

Petitioner Jason Vegh filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. Vegh challenges his convictions for two counts of first-degree criminal sexual conduct and his sentence as a third-offense habitual offender. For the reasons that follow, the petition for a writ of habeas corpus is denied. The Court also declines to issue a certificate of appealability and denies Vegh leave to proceed in forma pauperis on appeal.

## II.    Background

Vegh was convicted following a jury trial in the Oakland County Circuit Court. This Court recites verbatim the relevant facts relied upon by the Michigan Court of Appeals, facts which are "presumed correct on

habeas review" pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith,*

581 F.3d 410, 413 (6th Cir. 2009).

> Defendant was charged with multiple counts of criminal sexual conduct (CSC) in two different cases. In the first case, LC No. 2015–254514–FH, defendant was charged with one count of third-degree criminal sexual conduct (CSC–III), MCL 750.520d(1)(b), for an offense committed against M.O., and three counts of fourth-degree criminal sexual conduct (CSC–IV), MCL 750.520e(1)(b), for offenses committed against M.J. Complainants M.O. and M.J. were non-relative teenage girls who alleged that defendant sexually assaulted them while they were staying in defendant's home. In the second case, LC No. 2015–255036–FC, defendant was charged with two counts of CSC–I for offenses committed against his stepdaughter, C.S. Defendant stipulated to the consolidation of the two cases for trial.

> At trial, C.S. testified that defendant sexually assaulted her by engaging in penile-vaginal penetration on two separate occasions. The assaults occurred at the family apartment in Holly, where C.S. lived with defendant, her mother L.E., and others. According to C.S., no one else was present in the apartment at the time of the assaults.

> M.O. and M.J. were teenagers who sometimes stayed at defendant and L.E.'s home. M.J. testified that on three separate occasions, she awoke from her sleep to find defendant touching her vaginal area and masturbating. She stated that these assaults occurred while defendant, L.E., and others were living in a trailer home in Oakland County. M.O. testified that she was sleeping on a couch in the living room of the trailer home on a night in July 2014, after a memorial service for L.E.'s sister. She claimed that she awoke to find defendant reaching into her shorts and touching her vagina and that he digitally penetrated her vagina.

The jury acquitted defendant of all charges involving M.O. and M.J., but convicted him of the two counts of CSC–I involving C.S.[1]

*People v. Vegh*, No. 333242, 2018 WL 383407, at *1 (Mich. Ct. App. Jan. 11, 2018). The Michigan Court of appeals affirmed Vegh's conviction. *Id.* at *7, *leave to appeal denied*, 911 N.W.2d 723 (Mich. 2018).

Vegh filed a post-conviction motion for relief from judgment, which the trial court denied. *People v. Vegh*, No. 2015-225036-FC (Mich. Cir. Ct. Jan. 10, 2020); ECF No. 7-10. The Michigan Court of Appeals denied Vegh leave to appeal; the Michigan Supreme Court did the same. *People v. Vegh,* No. 353742 (Mich. Ct. App. Aug. 27, 2020), *leave to appeal denied*, 954 N.W.2d 806 (Mich. 2021).

Vegh now seeks a writ of habeas corpus on the following grounds:

I. The trial court erred in consolidating Mr. Vegh's three cases. Alternatively, defense counsel rendered ineffective assistance of counsel in failing to request separate trials or at the very least separate juries to each of the three complainants.

II. The trial court reversibly erred in denying the defense motion for mistrial where a witness for the prosecution referenced Mr. Vegh's prior prison sentence.

---

[1] Because the complainants were minors at the time of the alleged offenses, the Court will refer to them by their initials to preserve their privacy. *See* Fed. R. Civ. P. 5.2(a). The Court will also refer to C.S.'s mother by her initials, L.E., to preserve her privacy.

III.    Mr. Vegh is entitled to a new trial because a finding that he is guilty of criminal sexual conduct is against the great weight of the evidence given that the only evidence against Mr. Vegh was the contradictory and inconsistent testimony of the complainants.

IV.    Mr. Vegh was denied his state and federal rights to the effective assistance of counsel where counsel failed to investigate and call known witnesses at trial; at a minimum, Mr. Vegh is entitled to a remand for an evidentiary hearing to develop the factual record for appellate review and to move for a new trial.

V.    Defendant was denied his Sixth Amendment right to the effective assistance of counsel where his trial lawyer failed to: a. Consult with and call an expert witness to testify to the effects of failing to employ the proper forensic interviewing protocols, along with the effects of peer pressure and peer interactions; b. Consult the available literature so that she may effectively question Trooper Craig; c. Object to the trooper's expert testimony; d. Present evidence indicating that C.S.'s memory concerning the sexual assault had changed; e. Take actions that would support the strategically chosen defense; f. Properly marshal the evidence in her closing argument; and g. If individually the above claims of IAC do not establish that defendant was prejudiced by counsel's actions, the defendant asserts that the cumulative effect does.

VI.    Defendant was denied his Sixth and Fourteenth amendment right to the effective assistance of appellate counsel where his appellate lawyer failed to raise argument [V], establishing the good cause required by Mich. Ct. R. 6.508(D)(3)(a).

### III.   Standard of Review

Federal courts are authorized to issue habeas relief for state prisoners pursuant to 28 U.S.C § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Harrington v. Richter*, 562 U.S. 86, 97 (2011). This power is limited to "only those applications alleging that a person is in state custody 'in violation of the Constitution or laws or treaties of the United States.'" *Id.*

For claims adjudicated on the merits in state court proceedings, federal courts may issue habeas relief only if the state court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id.* § 2254(d)(2).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision

unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409.

A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11. "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington*, 562 U.S. at 101 (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). To obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103.

A state court's factual determinations are presumed correct on federal habeas review. *See* 28 U.S.C. § 2254(e)(1). This presumption is rebutted only with clear and convincing evidence. *Id.* Moreover, for claims adjudicated on the merits in state court, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

## IV.   Analysis

### A. Misjoinder (Claim I)

Vegh argues that the trial judge denied him due process by consolidating the two separate criminal sexual conduct cases into a single trial. Respondent argues that Vegh's misjoinder claim is waived—trial counsel stipulated to the joint trial and the Michigan Court of Appeals found that stipulation waived Vegh's misjoinder claim. *See Vegh*, 2018 WL 383407, at *1.

Waiver is an "'intentional relinquishment of a known right.'" *United States v. Olano*, 507 U.S. 725, 733 (1993) (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)). A criminal defendant who has waived his rights "may not then seek appellate review of claimed deprivation of those rights, for his waiver has extinguished any error." *United States v. Griffin*, 84 F.3d 912, 924 (7th Cir. 1996) (citing *Olano*, 507 U.S. at 733-34); *see also Shahideh v. McKee*, 488 F. App'x 963, 965 (6th Cir. 2012) ("[W]aiver is a recognized, independent and adequate state law ground for refusing to review alleged trial errors."). Because defense counsel stipulated to the joint trial, Vegh has waived review of his misjoinder claim.

Moreover, a defendant in a criminal case cannot complain of error which he himself has invited. *Shields v. United States*, 273 U.S. 583, 586

(1927). When a petitioner invites an error in the trial court, he is precluded from seeking habeas corpus relief for that error. *See Fields v. Bagley,* 275 F.3d 478, 486 (6th Cir. 2001). By agreeing to a joint trial on the different criminal sexual charges, Vegh invited error based on the joint trial and thus is precluded from seeking habeas relief on this claim.

### B. Mistrial (Claim II)

Vegh argues in his second claim that the trial court judge erred in denying his motion for a mistrial after a prosecution witness commented that Vegh had been "locked up."

The Michigan Court of Appeals rejected the claim, finding that the witness's comment that Vegh had been locked up was nonresponsive testimony in response to a question posed by defense counsel. *Vegh*, 2018 WL 383407, at *4. The appellate court noted that immediately after the witness's comment, the trial judge ordered that the witness's comment be stricken and instructed the jury that the remark "should not be considered in any manner." *Id.* The trial judge gave a similar instruction as part of the final charge to the jury. *Id.* The Michigan Court of Appeals concluded, "Considering that the witness's remark was brief and isolated, and did not reveal any reason for why defendant was "locked up," the trial court's instruction was sufficient to cure any prejudice to defendant." *Id.*

A trial court has the discretion to grant or deny a motion for mistrial in the absence of a showing of manifest necessity. *Walls v. Konteh,* 490 F.3d 432, 436 (6th Cir. 2007); *Clemmons v. Sowders*, 34 F.3d 352, 354-55 (6th Cir. 1994).

The Michigan Court of Appeals reasonably concluded that the trial court did not err in refusing to grant a mistrial based on the brief reference about Vegh having been locked up. The witness did not reveal why Vegh had been locked up, so the reference to Vegh's criminal history was "obscure and minimal," and nothing suggests that the prosecutor introduced this testimony in bad faith. *United States v. Talley*, 164 F.3d 989, 1002 (6th Cir. 1999). The witness, in fact, made this remark during questioning by defense counsel, not the prosecutor. *See* ECF No. 7-4, PageID.420. Because the prosecutor did not solicit the witness's brief reference about Vegh being locked up, the trial court's refusal to declare a mistrial did not deprive Vegh of a fair trial, particularly when this remark was a small part of the evidence against him. *See U.S. v. Martinez,* 430 F.3d 317, 337 (6th Cir. 2005).

Moreover, the witness's remark about Vegh being locked up was not so prejudicial as to require a mistrial, considering the trial judge's immediate instruction to the jury that they were to disregard the comment. *See* ECF

No. 7-4, PageID.420; *United States v. Beamus,* 110 F. App'x 513, 517 (6th Cir. 2004) (finding testimony that defendant was "on the run" from probation was not prejudicial so as to warrant mistrial, where jury immediately told to disregard that single, isolated remark); *United States v. Harris*, 165 F.3d 1062, 1066 (6th Cir. 1999) (holding police officer's allusion to defendant's prior arrest did not require a new trial because the allusion was isolated and district court gave an immediate curative instruction); *United States v. Forrest*, 17 F.3d 916, 920 (6th Cir. 1994) (finding no abuse of discretion in denying motion for mistrial, where statement about defendant's previous incarceration directly contravened judge's specific warning but judge provided clear admonition). Because the trial judge's instruction cured any potential error in this case, Vegh is not entitled to relief on his second claim.

## C. Great Weight of the Evidence (Claim III)

Vegh next contends that the verdict is against the great weight of the evidence. The Supreme Court has never recognized a state prisoner's constitutional right to a new trial based on the verdict being against the great weight of the evidence. Indeed, a federal habeas court has no power to grant habeas relief on this basis. *See Cukaj v. Warren,* 305 F. Supp. 2d 789, 796 (E.D. Mich. 2004); *see also Nash v. Eberlin*, 258 F. App'x 761, 764, n. 4 (6th Cir. 2007) ("[A] manifest-weight-of-the-evidence argument is

a state-law argument . . . ."). Other circuit courts have held that a claim that the jury verdict in a state criminal trial went against the great weight of the evidence is not cognizable on federal habeas review. *See, e.g.*, *McKinnon v. Superintendent, Great Meadow Corr. Facility*, 422 F. App'x 69, 75 (2d Cir. 2011); *Young v. Kemp*, 760 F. 2d 1097, 1105 (11th Cir. 1985).

A claim that a verdict is against the great weight of the evidence is "not of constitutional dimension for habeas corpus purposes unless the record is so devoid of evidentiary support that a due process issue is raised." *Cukaj,* 305 F. Supp. 2d at 796 (citations omitted). The test for habeas relief is not whether the verdict is against the great weight of the evidence but whether there was any evidence to support it. *Dell v. Straub,* 194 F. Supp. 2d 629, 648 (E.D. Mich. 2002). As long as there is sufficient evidence to convict the petitioner of the crime, the fact that the verdict may be against the great weight of the evidence would not entitle him to habeas relief. *Id.*

Vegh's contention concerning the weight of the evidence fails to state a cognizable federal claim. *Walker v. Curtin*, No. 1:10–cv–1267; 2011 WL 285152, \*3 (W.D. Mich. Jan. 5, 2011). To the extent Vegh argues that the record is so devoid of evidence to support the verdict, the Court finds otherwise—C.S. provided testimony supporting the verdict by describing

two sexual assaults that Vegh perpetrated against her when she was under the age of thirteen. *See* ECF No. 7-4, PageID.493-95. Accordingly, federal habeas relief is denied on Vegh's third claim.

### D. Ineffective Assistance of Trial and Appellate Counsel (Claims I, IV, V, & VI)

As part of his first claim and in his remaining claims, Vegh alleges he was denied the effective assistance of trial and appellate counsel.

To show that ineffective assistance of counsel under federal constitutional standards, a defendant must satisfy a two-prong test: First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. *Id*. In other words, Vegh must overcome the presumption that, under the circumstances, the actions he challenges "might be sound trial strategy." *Id*. 466 U.S. at 689 (citation omitted). Second, the defendant must show that such performance prejudiced his defense. *Id*. at 687. To demonstrate prejudice, the defendant must show that "there is a reasonable probability

that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

The Supreme Court's holding in *Strickland* places the burden on the defendant claiming ineffective assistance of counsel to show a reasonable probability that the result of the proceeding would have been different but for counsel's allegedly deficient performance. *See Wong v. Belmontes*, 558 U.S. 15, 27 (2009). The *Strickland* standard applies to claims of ineffective assistance of both trial and appellate counsel. *See Whiting v. Burt*, 395 F.3d 602, 617 (6th Cir. 2005).

### 1. Stipulation to Consolidated Trial

Vegh argues in his first claim that trial counsel was ineffective for stipulating to the separate criminal sexual conduct cases being consolidated into a single trial.

The Michigan Court of Appeals rejected that claim. *Vegh*, 2018 WL 383407, at *3. It found that the joinder of the two cases was permissible under M.C.R. 6.120(B)(1) because the charges against Vegh were related in that Vegh "was engaged in a series of acts constituting parts of a single scheme or plan to sexually assault young girls staying in his home." *Id.* The state appeals court further concluded that Vegh was not prejudiced by the consolidation of the two cases at one trial because, under M.C.L. 768.27a,

testimony of M.O. and M.J. would have been admissible at a separate trial involving the charges related to C.S. *Id.* The state appeals court rejected Vegh's argument that consolidation led to jury confusion, as the jury found the matters clear enough to acquit Vegh of the charges involving M.O. and M.J. yet convict him of the charges involving C.S. *Id.* Finally, the Michigan Court of Appeals concluded that counsel reasonably may have concluded that separate trials would be of little benefit to Vegh because the testimony of each of the victims would likely have been admissible at separate trials under M.C.L. 768.27a and because separate trials would give the prosecution an opportunity to "better respond at a second trial to any defense strategy used at a first trial." *Id.*

Vegh is not entitled to habeas relief because defense counsel's decision to stipulate to a single trial on the separate charges was a reasonable tactical decision. As the Michigan Court of Appeals concluded, the sexual assault allegations involving the three separate victims would have been admissible at separate trials, whether or not the trials were consolidated. *See id.*; M.C.L. 768.27a. And having separate trials would have simply allowed the prosecutor to learn defense counsel's strategy in the first case and provide the prosecutor with the opportunity to improve their response to that defense strategy at a second trial. This was a

reasonable tactical decision, and Vegh therefore fails to show that defense counsel's performance was objectively deficient.

### 2. Failures Alleged on Direct Appeal

Vegh argues in his fourth claim that trial counsel was ineffective for failing to investigate or call witnesses. This is the same claim which Vegh raised on direct appeal. *See* ECF No. 7-11, PageID.1010. In connection with this claim, Vegh alleged, and the Michigan Court of Appeals analyzed, numerous other failures by trial counsel. *See id.* at PageID.1010-15, 1098; *Vegh*, 2018 WL 383407 at *4-7. These other alleged instances are trial counsel's failure to impeach witnesses, to call witnesses, to obtain Children's Protective Services records, to call an expert witness, to review a videotaped interview, and to provide a foundation. Because the Michigan Court of Appeals' analysis and the briefing here indicate that Vegh's fourth claim encompasses the numerous failures alleged on Vegh's direct appeal, the Court's analysis of Vegh's fourth claim in this section covers trial counsel's alleged failure to investigate or call witnesses, as well as the numerous failures Vegh alleged on direct appeal.

### a) Failure to Investigate and Obtain Children's Protective Services Records

Vegh contends that trial counsel was ineffective for failing to investigate and obtain Children's Protective Services records involving his

ex-wife, L.E. The Michigan Court of Appeals rejected this claim because the record established that defense counsel was provided with these records and that Vegh failed to identify the records' potential exculpatory value. *Vegh*, 2018 WL 383407, at *6.

"A defense counsel has no obligation to present evidence or testimony that would not have exculpated the defendant." *Millender v. Adams,* 376 F.3d 520, 527 (6th Cir. 2004). Here, defense counsel had no obligation to investigate and obtain the Children's Protected Services records relating to L.E., where he received those records and nothing suggests that the records would have exculpated Vegh. *See id.* Accordingly, Vegh is not entitled to relief on this basis.

### b) Failure to Call Witnesses

Vegh next alleges that trial counsel was ineffective for failing to call various witnesses. Conclusory allegations of ineffective assistance of counsel, without any evidentiary support, cannot support a claim for habeas relief. *See Workman v. Bell,* 178 F.3d 759, 771 (6th Cir. 1998). And by failing to present any evidence in state court proceedings in support of an ineffective assistance of counsel claim, a petitioner is barred from developing the claim through an evidentiary hearing with this Court. *See*

*Cooey v. Coyle*, 289 F.3d 882, 893 (6th Cir. 2002) (citing 28 U.S.C. § 2254(e)(2)(A)(ii)).

As was the case on his direct appeal, Vegh failed to provide this Court with an offer of proof about or affidavits from any of his proposed witnesses concerning their proposed testimony and willingness to testify on his behalf. *See Vegh*, 2018 WL 383407, at *5. Indeed, Vegh did not offer the Michigan courts or this Court any evidence beyond his own assertions as to whether the witnesses would have testified and what the content of these witnesses' testimony would have been. Nor does Vegh allege how defense counsel's strategy was unsound, where defense counsel tried to create doubt about the investigation and the prosecution's work by pointing out the absence of many of the witnesses at issue here. *See* ECF No. 7-5, PageID.101-02. Without attaching any offer of proof or affidavits from the proposed witnesses showing what the witnesses would have testified, Vegh does not establish that counsel's alleged failure to call these witnesses to testify at trial rendered counsel's performance so deficient or prejudicial so as to support either prong of an ineffective assistance of counsel claim. *See Clark v. Waller,* 490 F.3d 551*,* 557 (6th Cir. 2007).

### c) Failure to Impeach Witnesses

Vegh next claims that trial counsel failed to adequately impeach witnesses. Courts generally entrust cross-examination techniques, like other matters of trial strategy, to the professional discretion of counsel. *Dell*, 194 F. Supp. 2d at 651. "Impeachment strategy is a matter of trial tactics, and tactical decisions are not ineffective assistance of counsel simply because in retrospect better tactics may have been available." *Id.*

Vegh argues that trial counsel was ineffective for failing to obtain Facebook messages that were exchanged between M.O. and M.J. to determine whether there were any inconsistencies or collusion between the two complainants. The Michigan Court of Appeals rejected this claim because the Facebook messages were provided to defense counsel on the first day of trial and defense counsel's cross-examination of M.O. and M.J. established that she was aware of the Facebook messages. *Vegh*, 2018 WL 383407, at *5. The Michigan Court of Appeals also concluded that Vegh failed to identify anything in the messages that defense counsel did not utilize but that might have led to a more favorable outcome, as the jury acquitted Vegh of the charges involving M.O. and M.J. *Id.*

Vegh presented no evidence to the Michigan courts or to this Court that defense counsel failed to adequately impeach M.O. and M.J. That the

jury acquitted him of the charges involving M.O. and M.J. undermines his claim that defense counsel should have done more to impeach M.O. and M.J. Because the effect of further probing is entirely speculative on Vegh's part, the Court finds that defense counsel did not perform ineffectively in her cross-examination of these two complainants. *See Jackson v. Bradshaw,* 681 F.3d 753, 764-65 (6th Cir. 2012).

Vegh also alleges that trial counsel was ineffective for failing to introduce a 2012 Father's Day Facebook message that C.S. sent to Vegh or to question Vegh's ex-wife, L.E., about it. The Michigan Court of Appeals rejected the claim because defense counsel elicited L.E.'s testimony that C.S. asked about Vegh after the alleged sexual assault, that C.S. said she loved and missed Vegh, and that C.S.'s messages about Vegh were "always good." *Vegh*, 2018 WL 383407, at *5.

Vegh was not prejudiced by counsel's failure to ask C.S. about the Father's Day message. That message was cumulative of other evidence in support of Vegh's claim that C.S. had made positive statements about him after the sexual assault, a claim made to establish that the sexual assault allegations were false. *See Wong,* 558 U.S. at 22-23. In this case, the jury had significant evidence presented to it that the victim's credibility was questionable. Because the jury was "well acquainted" with evidence that

would have supported Vegh's claim that the victim fabricated these charges, additional evidence in support of Vegh's defense "would have offered an insignificant benefit, if any at all." *Id.* at 23.

Vegh last alleges that trial counsel was ineffective for failing to adequately utilize additional impeachment evidence. The Michigan Court of Appeals rejected this claim because the record showed "that defense counsel vigorously attacked the prosecution witnesses' credibility" and any additional impeachment evidence would have been cumulative. *Vegh*, 2018 WL 383407, at *7. This Court concludes the same—Vegh has not shown that more extensive cross-examination and impeachment of the prosecution's witnesses would have resulted in anything of value to the defense. *See United States v. Larsen,* 175 F. App'x 236, 239-40 (10th Cir. 2006).

### d) Failure to Call An Expert Witness

Vegh next claims that counsel was ineffective for failing to call an expert witness to testify about the lack of change in C.S.'s behavior, to explain why C.S. did not report these allegations until months later, and to explain the effects of someone her age being coached during an interview by school counsel and a forensic interviewer. Vegh also claims that an

expert should have been called to testify how C.S. could have been pressured into making a false sexual assault allegation against him.

The Michigan Court of Appeals rejected this claim because Vegh offered no evidence that he could produce an expert witness that would correlate the absence of abnormal behavior with the absence of sexual assault or that would explain how interview coaching would lead to fabricated allegations. *Vegh*, 2018 WL 383407, at *6. The state appeals court also noted that Vegh did not provide evidence as to what an expert witness would have testified. *Id.*

Likewise, Vegh presents no evidence to this Court that he has an expert witness to testify about these matters. A habeas petitioner's claim that trial counsel was ineffective for failing to call an expert witness cannot be based on speculation. *See Keith v. Mitchell,* 455 F.3d 662, 672 (6th Cir. 2006). Yet, Vegh's claim does just that—there is no evidence that an expert witness would testify and what the content of this witness' testimony would have been. In the absence of such proof, Vegh is unable to establish that he was prejudiced by counsel's failure to call an expert witness to testify at trial so as to support the second prong of an ineffective assistance of counsel claim. *See Waller,* 490 F.3d at 557.

### e) Failure to Review Videotaped Interview of C.S. with Petitioner

Vegh next alleges that defense counsel failed to share with him the video recording of C.S.'s forensic interview. The Michigan Court of Appeals rejected this claim because Vegh offered no reason why defense counsel could not have determined that the video contained statements that were inconsistent with C.S.'s trial testimony, nor did he establish that the video had any exculpatory value. *Vegh*, 2018 WL 383407, at *6. Because Vegh likewise fails here to show that the results of the case would have been different had trial counsel reviewed the videotape with him, the Court concludes that Vegh is not entitled to relief on this basis. *See United States v. Williams,* 616 F.3d 685, 690 (7th Cir. 2010).

### f) Failure to Provide a Foundation

Vegh next contends that trial counsel failed to provide a "foundation" for his defense. He appears to contend that trial counsel was ineffective for failing to present a positive defense theory, instead relying on the weaknesses of the prosecution's case to defend Vegh. He, however, has not alleged a particular defense theory that defense counsel should have raised. Counsel was not ineffective for simply pursuing a "general reasonable doubt defense" which attacked the strength of the prosecutor's case. *See Kowalak v. Scutt,* 712 F. Supp. 2d 657, 702 (E.D. Mich. 2010).

### 3. Vegh's remaining ineffective assistance of trial counsel claims are procedurally defaulted.

Vegh again alleges the ineffective assistance of trial counsel in his fifth claim. Respondent urges the Court to reject these claims as duplicative of the claims raised in Vegh's fourth claim.

Vegh raised his fifth claim in his post-conviction motion for relief from judgment. ECF No. 7-9. But the trial court rejected the claim because it had already been raised, expressly or in different terms, on Vegh's direct appeal. *See Vegh*, No. 2015-225036-FC, slip op. 10-11; ECF No. 7-10, PageID.907-08. The Court concludes similarly—Vegh's fourth and fifth claims both allege ineffective assistance of counsel for failing to investigate, call, and impeach witnesses, call an expert witness, marshal evidence, or otherwise support the defense. *See* ECF No. 1, PageID.16, 18.

Vegh counters that certain subclaims raised in his fifth claim are different from those covered by his fourth claim. To the extent that Vegh's fifth claim involves subclaims that were raised for the first time in his post-conviction motion, the subclaims are procedurally defaulted. Respondent's failure to raise a procedural default defense as to Vegh's fifth claim does not prevent this Court from raising it sua sponte. *See Lovins v. Parker*, 712 F.3d 283, 295 (6th Cir. 2013) ("[E]ven if the State does waive a procedural default defense, [a federal court] may raise it *sua sponte*."). This is

particularly so where Vegh acknowledges the procedural default issue while arguing that appellate counsel's alleged ineffectiveness should excuse any procedural default under M.C.R. 6.508(D)(3). *See* ECF No. 1, PageID.20; *Smith v. Bergh*, No. 2:15-CV-11712, 2017 WL 5592908, at *13 (E.D. Mich. Nov. 21, 2017).

Under the procedural default rule, a federal court acting on a state prisoner's habeas petition will not review a question of federal law if the last state-court judgment denying relief on the claim rests on a procedural state-law ground that is "independent of the federal question and is adequate to support the judgment." *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991).

Here, the Michigan Supreme Court rejected Vegh's post-conviction appeal on the ground that "the defendant has failed to meet the burden of establishing entitlement to relief under M.C.R. 6.508(D)." *Vegh*, 954 N.W.2d 806. The Sixth Circuit has previously held that M.C.R. 6.508(D)(3) is an "independent and adequate" ground to bar review of a petitioner's federal claims. *Ivory v. Jackson*, 509 F.3d 284, 292 (6th Cir. 2007). Under M.C.R. 6.508(D)(3), a court may not grant post-conviction relief to a defendant if the motion for relief from judgment alleges grounds for relief which could have been raised on direct appeal, absent a showing of good

cause for the failure to raise such grounds previously and actual prejudice resulting therefrom. The Michigan Supreme Court's order, however, does not refer to subsection (D)(3) nor does it mention Vegh's failure to raise his claims on his direct appeal as its rationale for rejecting his post-conviction appeals. Because the Michigan Supreme Court's order is ambiguous as to whether it refers to procedural default or a denial of post-conviction relief on the merits, this Court must "therefore look to the last reasoned state court opinion to determine the basis for the state court's rejection" of Vegh's claims. *See Guilmette v. Howes*, 624 F.3d 286, 291 (6th Cir. 2010).

The Court thus turns to the trial court's opinion denying Vegh's post-conviction motion for relief from judgment, the last reasoned state court opinion rejecting Vegh's claims. *See Vegh*, No. 2015-225036-FC, slip op. 9-12. In rejecting Vegh's post-conviction motion, the trial court several times cited M.C.R. 6.508(D)(3) and referenced the rule's requirement that a defendant show cause and prejudice for failing to raise an issue on direct appeal. The trial court concluded that under M.C.R. 508(D)(3), Vegh failed to satisfy the cause and prejudice standard to present the claims he raised for the first time in his post-conviction motion—the same claims comprising his fifth claim here. *Vegh*, No. 2015-225036-FC, slip op. 9, 11-12; ECF No. 7-10, PageID.906, 908-09. Because the trial court rejected these claims

based on the independent and adequate procedural grounds stated in

M.C.R. 6.508(D)(3), Vegh's fifth claim is procedurally defaulted. *See Ivory*,

509 F.3d at 292-93.[2]

When the state courts clearly and expressly rely on a valid state

procedural bar, federal habeas review is also barred unless the petitioner

can demonstrate "cause" for the default and actual prejudice because of

the alleged constitutional violation or that failure to consider the claim will

result in a "fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750-

51. If the petitioner fails to show cause for his procedural default, it is

unnecessary for the court to reach the prejudice issue. *Smith v. Murray*,

477 U.S. 527, 533 (1986). The Court does not reach the prejudice issue

because Vegh fails to demonstrate cause for his procedural default. *Id.*

As cause to excuse his procedural default, Vegh's sixth claim alleges

ineffective assistance of appellate counsel. But he has not shown that

appellate counsel was ineffective. It is well established that a criminal

defendant does not have a constitutional right to have appellate counsel

raise every non-frivolous issue on appeal. *See Jones v. Barnes*, 463 U.S.

---

[2] Vegh could not have procedurally defaulted his ineffective assistance of appellate counsel claim because state post-conviction review was the first opportunity that he had to raise this claim. *See Guilmette,* 624 F.3d at 291. However, for the reasons stated below, Vegh is not entitled to habeas relief on this claim.

745, 751 (1983). "A brief that raises every colorable issue runs the risk of burying good arguments—those that . . . go for the jugular—in a verbal mound made up of strong and weak contentions." *Id.* at 463 U.S. at 753 (cleaned up). Even so, "it is still possible to bring a *Strickland* claim based on [appellate] counsel's failure to raise a particular claim [on appeal], but it is difficult to demonstrate that counsel was incompetent." *Smith v. Robbins*, 528 U.S. 259, 288 (2000).

Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990). In fact, "the hallmark of effective appellate advocacy" is the "process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail." *Smith*, 477 U.S. at 536 (quoting *Barnes*, 463 U.S. at 751-52). "Generally, only when ignored issues are clearly stronger than those presented will the presumption of effective assistance of appellate counsel be overcome." *Monzo v. Edwards,* 281 F.3d 568, 579 (6th Cir. 2002). Appellate counsel may deliver deficient performance and prejudice a defendant by omitting a "dead-bang winner," which is defined as an issue which was obvious from the trial record and would have resulted in a reversal on appeal. *Meade v. Lavigne,* 265 F. Supp. 2d 849, 870 (E.D. Mich. 2003).

Vegh fails to show that appellate counsel's performance fell outside the wide range of professionally competent assistance by omitting the claims that comprise his fifth claim here. Appellate counsel filed a fifty-five-page appellate brief which raised four claims, including several subclaims. *See* ECF No. 7-11, PageID.962-1017. Vegh has not shown that appellate counsel's strategy in presenting these four claims only—and not raising those procedurally defaulted in his fifth claim here—was deficient or unreasonable. Moreover, it is not obvious that any part of Vegh's fifth claim would have led to a reversal had they been raised on appeal. As mentioned, Vegh's fifth claim largely overlaps with his fourth claim, and none of those claims are "dead-bang winners." *Meade*, 265 F. Supp. 2d at 870; *see supra* Section I.V.D.2. "[A]ppellate counsel cannot be found to be ineffective for 'failure to raise an issue that lacks merit.'" *Shaneberger v. Jones*, 615 F.3d 448, 452 (6th Cir. 2010). Because Vegh fails to show that appellate counsel was ineffective, he fails to establish cause to excuse the procedural default of his fifth claim. *See McMeans v. Brigano,* 228 F.3d 674, 682-83 (6th Cir. 2000).

Further, Vegh supplemented appellate counsel's brief by submitting a Standard 4 *pro per* brief on direct appeal.[3] *See* ECF 7-11, PageID.1097-1124. In that brief, Vegh raised several claims, including ineffective assistance of counsel claims, but he did not raise any of the claims comprising his fifth claim here until he filed his post-conviction motion for relief from judgment. Vegh takes issue with appellate counsel's alleged failure to raise these claims while offering no explanation about his own failure to raise these claims in his supplemental pro per brief*.* That failure undermines Vegh's claim of ineffective assistance of appellate counsel as cause to excuse his procedural default. *See Rockwell v. Palmer,* 559 F. Supp. 2d 817, 834 (W.D. Mich. 2008) (holding habeas petitioner did not show cause for his failure to raise on direct appeal claim of ineffective assistance of trial counsel, where petitioner himself had filed two briefs asserting claims in addition to those in appellate counsel's brief but offered no explanation for his failure to raise the ineffective assistance claim at the same time); *see Sheffield v. Burt*, 731 F. App'x 438, 442 (6th Cir. 2018)

---

[3] Standard 4 of the Michigan Assigned Counsel rules permits a criminal defendant to file a pro se brief within 84 days after his lawyer files his brief on appeal. *See* Mich. Ct. App. IOP 7.212(F)-3 (stating that the administrative order permits "indigent defendants represented by appointed counsel [to] raise issues in [the Michigan appellate courts] that their attorneys decline to raise"). The rules were promulgated by the Michigan Supreme Court in 2004. See Admin. Order 2004-6, 471 Mich. cii (2004).

(holding habeas petitioner failed to show cause under M.C.R. 6.508(D)(3) for failing to raise issues on direct appeal and noting "[petitioner] had the opportunity to raise any issues in his Standard 4 brief on direct appeal that he felt his appellate counsel should have raised" but he did not raise his defaulted issue).

Finally, to the extent that Vegh alleges that appellate counsel was ineffective for failing to raise on his direct appeal some of the claims raised by Vegh in his fourth claim, Vegh raised these claims in his pro per supplemental brief. Because the Michigan Court of Appeals considered, and rejected the claims raised by Vegh in the supplemental pro per brief, Vegh is unable to show that he was prejudiced by appellate counsel's failure to raise these claims in the appeal brief filed by counsel. *See Donaldson v. Booker,* 505 F. App'x 488, 496 (6th Cir. 2012). Accordingly, Vegh's fifth and sixth claims fail.

### E. Certificate of Appealability

Before Vegh may appeal the Court's denial of his petition, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court rejects a habeas claim

on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Likewise, when a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue if the petitioner shows that reasonable jurists would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right and whether the district court was correct in its procedural ruling. *Id.*

Having considered the matter, the Court concludes that reasonable jurists would not debate the correctness of the Court's substantive and procedural rulings. Accordingly, a certificate of appealability is not warranted in this case. The Court further concludes that Vegh should not be granted leave to proceed *in forma pauperis* on appeal, as any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

## V.    Conclusion

For the reasons above, the Court **DENIES** the petition for writ of habeas corpus (ECF No. 1) with prejudice, **DECLINES** to issue a certificate

of appealability, and **DENIES** Vegh leave to proceed in forma pauperis on

appeal.

      **IT IS SO ORDERED**.


                                          <u>s/ Shalina D. Kumar</u>

                                          SHALINA D. KUMAR

Dated: November 22, 2023          United States District Judge